**Order entered November 1, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00498-CR

**BRADRICK JERMAINE COLLINS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court No. 5
Dallas County, Texas
Trial Court Cause No. MA17-18552-F**

## ORDER

Before the Court is appellant's October 24, 2018 fourth motion seeking supplementation of the clerk's record.[1] By orders entered October 5, 2018 and October 19, 2018, the Court directed the Dallas County Clerk to supplement the clerk's record with (1) any exhibits in the county clerk's possession filed with appellant's April 12, 2018 brief in support of his motion to arrest judgment; (2) any exhibits in the county clerk's possession filed with appellant's February 22, 2018 motion to suppress medical records; and (3) appellant's February 20, 2018 corrected motion to suppress evidence including any exhibits. In the event the county clerk did not have

---

[1] Although appellant has styled his motions to supplement as motions "to supplement the reporter's record by transferring the reporter's record from the trial court" the motions actually seek supplementation of the clerk's record.

possession of one or more of the items requested, the orders further directed the county clerk to file a letter verifying the exhibits or documents are not on file with the Dallas County Clerk.

On October 22, 2018, the county clerk filed a supplemental clerk's record containing, among other items, copies of the three documents requested. However, no exhibits were attached to the documents filed in the supplemental clerk's record, and the county clerk did not include a letter verifying it does not have possession of the exhibits appellant alleges were attached to the filed pleadings.

In his fourth motion to supplement the record, appellant requests supplementation of the clerk's record with:

> (1) the exhibits in support of Defendant's Motion to Arrest Judgment, (2) exhibits in support of motion to suppress medical records, (3) Defendant's Motion to Suppress Evidence and Request for Franks Hearing and supporting exhibits, and (4) Defendant's corrected Motion to Suppress Evidence and Request for Franks Hearing and supporting exhibits . . . [and] all audio and video that are a part of the clerk's record.

The Court **GRANTS** appellant's motion to the extent we **ORDER** the trial court to make findings of fact regarding the accuracy and completeness of the clerk's record in this case. The trial court is directed to conduct such inquiries and to enter such orders as are necessary to determine whether any exhibits were filed with appellant's April 12, 2018 brief in support of his motion to arrest judgment, February 22, 2018 motion to suppress medical records, and February 20, 2018 corrected motion to suppress evidence. The trial court is further directed to determine if the clerk's record needs to be supplemented with any other documents or audio or video recordings necessary to resolve this appeal.

The trial court shall order the preparation and filing of a supplemental clerk's record that shall contain the trial court's findings on the existence of any exhibits to the aforementioned documents; in the event the trial court determines exhibits were filed with the aforementioned

documents, copies of the exhibits; and any other documents, or recordings the trial court determines should be included in the clerk's record.

We **ORDER** the trial court to transmit the supplemental clerk's record of its proceedings to this Court within **THIRTY DAYS** of the date of this order.

We **ABATE** the appeal to allow the trial court to comply with the above order. The appeal shall be reinstated when the findings are received or at such other time as the Court deems appropriate.

/s/ LANA MYERS
   JUSTICE